**Woman's Medical College of Pennsylvania**
**v. Blue Cross of Greater Philadelphia**

*David P. Bruton,* for plaintiff.
*Richard P. Brown, Jr.,* for defendant.

CAVANAUGH, J., June 29, 1971.—This action in equity requires resolution of the conflicting interests of two public service institutions, each of which claims to find itself in a precarious financial position. Spe-

cifically at issue is the power of defendant, Blue Cross of Greater Philadelphia (Blue Cross) to unilaterally reduce its payment rate to plaintiff, Woman's Medical College of Pennsylvania (Woman's). The basic facts have been stipulated by the parties.

Effective July 1, 1967, plaintiff, Woman's, and defendant, Blue Cross, entered into a uniform cost contract which regulates defendant's obligation to repay plaintiff for hospital care provided to defendant's members. Effective July 1, 1969, the interim rate of payment to Woman's was agreed at $73 per diem, in-patient nonmaternity, and $99 per diem, in-patient maternity. Effective January 30, 1970, the interim payment for nonmaternity care was increased to $86 per diem. In October of 1970, Blue Cross increased the interim rates to $100 nonmaternity and $135 maternity for cases admitted beginning July 1, 1970. By letter dated April 16, 1971, defendant advised Woman's that reimbursement for the period July 1, 1969, through June 30, 1970, would be at $85.20 per diem for the composite cost of maternity and nonmaternity cases, and that $129,239 paid during that period would be deducted in equal installments from the six consecutive semi-monthly remittances due from Blue Cross to plaintiff commencing May 15, 1971.

Further, Blue Cross advised plaintiff that the per diem of $100 and $135 for the period commencing July 1, 1970, would retroactively be reduced to $94 per diem nonmaternity and $133 per diem maternity, and that $131,581, representing the difference between interim payments actually made to Woman's for the period from July 1, 1970, through April, 1971, and the reduced interim rate of $94 per diem nonmaternity and $133 maternity, would also be deducted from the six consecutive semi-monthly remittances commencing May 15, 1971.

Shortly thereafter, plaintiff brought this suit in equity, seeking, inter alia, a mandatory injunction ordering defendant to pay over to plaintiff the amount deducted by defendant from its interim payments to plaintiff; to complete payment of the actual costs incurred by plaintiff during the fiscal period July 1, 1969, through June 30, 1970, and to continue payment without deduction for the remainder of the fiscal year July 1, 1970, through June 30, 1971, at the agreed rate of $100 per diem nonmaternity and $133 per diem maternity.

On June 9, 1971, this court ordered that all proceedings be stayed pending exhaustion of the appeal procedure provided under paragraph 15 of the uniform cost contract. However, on June 16, 1971, by stipulation and agreement of counsel, that order was modified to allow this court to hear testimony and consider certain issues as set forth in a stipulation approved by the parties and filed in the record of this case.

This court heard extensive testimony by both parties at the hearing on June 21-22, 1971, After reviewing that testimony and scrutinizing the briefs and oral arguments of both parties, this court finds no basis to sustain plaintiff's prayer for injunction.

And now, to wit June 29, 1971, it is hereby ordered, adjudged and decreed:

That for the period July 1, 1969, through June 30, 1970, Blue Cross had the right unilaterally without consent of Woman's, and without exhaustion of the appeals board procedure under section 15 of the uniform cost contract, to retroactively adjust downward its payment to Woman's by the sum of $125,000, upon the ground that Woman's actual costs were unreasonably high under the contract, and to recoup that sum by deduction from subsequent payments to Woman's from Blue Cross; that for the period July 1, 1970,

through June 30, 1971, Blue Cross had the right unilaterally without consent of Woman's, and without prior exhaustion of the appeals board procedure, to retroactively adjust downward its payments to Woman's by $6 per patient day, upon the ground that Woman's actual costs are unreasonably high under the contract, and to recoup that sum by deduction from payments thereafter to Woman's from Blue Cross. It is further ordered, adjudged and decreed that plaintiff's prayer for relief is denied. The order of June 16, 1971 shall remain in full force and effect, except as provided herein. And this order shall be deemed a final order and hearing on the issues herein determined.